## PERRITT *v.* SAXON.

### Opinion delivered March 21, 1927.

ATTORNEY AND CLIENT—RIGHT TO LIEN.—Under a decree enforcing specific performance of a contract to convey an interest in the oil and gas and other minerals in a certain tract of land to plaintiffs for services rendered as attorneys for their client, *held* that plaintiffs were not entitled to have a lien on the client's interest in addition to specific performance of the contract.

Appeal from Union Chancery Court, Second Division; *A. D. Pope,* Special Chancellor; affirmed.

*L. B. Smead,* for appellant.

*McNalley & Sellers,* for appellee.

McHANEY, J.   This action grows out of an intervention by appellees, Saxon & Davidson, attorneys at law, Camden, Arkansas, filed in the case of Buchanan Graves and wife *v.* Thomas A. Foster *et al.,* pending in the Union Chancery Court, Second Division, on a new trial from a reversal by this court in the case of *Foster* v. *Graves,* 168 Ark. 1033, 275 S. W. 653.

The suit, as it originally appeared in this court, was brought by Graves against Foster, and Ratcliff, Wilson, Hawkins, LeCroy and Ellison, to whom Foster had conveyed certain portions of the royalty, to cancel two deeds, under which Foster claimed title to one-half the royalty from Graves in a certain forty-acre oil lease. Saxon & Davidson were employed by appellant, H. C. Ratcliff, to represent him as his attorney in defending that suit, which they did, both in the lower court and on appeal, and, for their services, Ratcliff agreed to deed them an undivided one-sixty-fourth (1/64) interest in the oil and gas and other minerals in the southwest northeast (or lot 5 of the northeast quarter), section 3, township 16 south, range 15 west. Ratcliff failed to make a conveyance to them of this 1/64 interest, and, after the reversal of the case by this court, they filed their intervention in the lower court, setting up these facts and praying that they be declared to be the owner of an undivided 1/64 interest of all the oil, gas and other minerals in, under and upon said land.

Later they filed an amendment to their intervention, stating that W. D. Perritt claimed some interest in the property involved in this action, which was unknown to the interveners, but that, whatever interest he had, if any, was inferior to the rights of the interveners, and they asked that he be made a party defendant therein, which was done. Service of summons was had upon both Ratcliff and Perritt, but they failed to appear, and made default, and, on the 3rd day of October, 1925, the court entered a decree on the intervention, finding the facts in favor of the interveners, and, continuing, the decree recites:

"It is therefore considered, ordered, adjudged and decreed by the court that interveners, Ed F. Saxon and James Davidson, are the owners of an undivided one sixty-fourth interest in and to all of the oil, gas and other minerals in, under and upon the following described lands situated in Union County, Arkansas, to-wit: southwest quarter of the northeast quarter (or lot No. 5 of the

northeast quarter) of section 3, township 16 south, range 15 west, containing 40 acres, more or less. And that said interest is free, clear and unincumbered of and from any and all claims of the defendants, H. C. Ratcliff and W. D. Perritt, or either of them, and subject only to the claim of Buchanan Graves and Jennie Graves, under the suit herein, and that said interest above described is by this order quieted and confirmed in said interveners, Ed F. Saxon and James Davidson, as against said defendants, H. C. Ratcliff and W. D. Perritt, and all other persons holding or claiming under, by or through them or either of them.''

And the court further decreed that interveners were the owners, subject to the claims of Buchanan Graves and wife, of an undivided one-sixty-fourth of all moneys collected theretofore or that may thereafter be collected by M. G. Wade, receiver in the cause pending in said court between Graves and Foster.

From this order and decree of the court comes this appeal.

The decree recites that it was heard upon certain record evidence and ''the oral testimony of witnesses adduced before the court upon the trial of the cause on said intervention, from all of which, the oral testimony and the recorded instruments of writing, the court finds,'' etc. Then follow the findings of the court. Neither the documentary evidence nor the oral testimony has been brought into the record by bill of exceptions or otherwise, and we will therefore indulge the presumption that there was ample evidence to sustain the decree. The only question raised on this appeal is that the decree of the court declared a lien upon the royalty interest in controversy, which would be error on the face of the record, for the reason that appellees could not have a lien under the statute (§§ 6304 and 6306 of Crawford & Moses' Digest), having represented one of the defendants in the litigation and did not obtain any affirmative relief for his client by the recovery of a judgment. In other words, that the statute giving liens to attorneys cannot be

extended to cases where the services of the attorney merely protected an existing title or defended a suit attacking the title, and that, before the lien will attach, there must be a service rendered in the recovery of the property.

That is undoubtedly correct, but such is not the effect of the decree in this case. While the petition of interveners prayed for a lien upon the property and the decree of the court found that they were entitled to a lien, yet the effect of the decree was for specific performance by divesting the title to the one sixty-fourth interest out of appellant, Ratcliff, and investing same in appellees. The effect of the decree was not to establish or enforce a lien in favor of the attorneys, but it was, in effect, specific performance of the contract which the court found had been entered into between the parties.

No error appearing, the decree of the chancery court is affirmed.